UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 08-10888-RGS
CRIMINAL ACTION NO. 02-10184-RGS

DANIEL G. SHOUP

v.

UNITED STATES OF AMERICA

MEMORANDUM AND ORDER ON
PETITIONER'S MOTION TO VACATE,
SET ASIDE, OR CORRECT SENTENCE

May 18, 2009

STEARNS, D.J.

On May 27, 2008, Daniel G. Shoup, acting *pro se*, brought this petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Shoup argues that he is entitled to relief because of his counsel's ineffectiveness and because of violations of his Fifth and Sixth Amendment rights at a sentencing hearing. For the reasons stated, the petition will be DENIED.

BACKGROUND

On May 18, 2004, Shoup was convicted by a jury of being a felon in possession of firearms, in violation of 18 U.S.C. § 922(g)(1). Shoup's conviction followed from the March 17, 2002 stop of a vehicle he was driving in Salem, Massachusetts. The stop was based on a citizen's complaint that Shoup had made a threatening gesture with a handgun. During a search of Shoup's car, police seized two handguns from the console.[1] On

---

[1] The jury rejected the testimony of Shoup's brother (the owner of the car) that he had locked the guns in the console before loaning the car to Shoup and had forgotten that they were there.

October 12, 2004, Shoup was sentenced by the court to 210 months in prison. He timely appealed. The First Circuit affirmed the conviction, but remanded the case for resentencing in light of the Supreme Court's intervening decision in United States v. Booker, 543 U.S. 220 (2005), substantially restoring the court's discretion under the United States Sentencing Guidelines (Guidelines). See United States v. Shoup, 476 F.3d 38, 46 (1st Cir. 2007). The court conducted a resentencing hearing on May 3, 2007.

The parties agreed that Shoup's base offense level under the Guidelines was properly scored at twenty-four. The court declined to apply a four-level enhancement for trafficking in firearms pursuant to U.S.S.G. § 2K2.1(b)(5) (as advocated by the government and recommended by the Probation Office). The court did, however, enhance the Guidelines score by two levels after finding that one of the handguns Shoup possessed had an obliterated serial number. The court determined (without objection) that Shoup's Criminal History Category was a Level V. The resulting advisory sentencing range was 110 to 120 months. The court sentenced Shoup to a revised term of 110 months.

## DISCUSSION

Shoup claims that the court erred in imposing a two-level enhancement without finding beyond a reasonable doubt that the serial number on one of the firearms had been obliterated. Shoup additionally contends that his counsel (Peter Krupp), was ineffective for failing to object to the enhancement and for refusing to appeal the issue (after telling Shoup that there was "nothing to appeal.").[2]

---

[2] Shoup also claimed that Krupp was ineffective for failing to argue that the search of the vehicle (as opposed to the stop) was unlawful. Shoup has since abandoned this claim.

At the resentencing hearing, the court based the obliterated serial number enhancement on the evidence adduced at trial and on the narrative set out in the Presentence Report. Contrary to Shoup's contention, a sentencing court in a post-Booker context is authorized to find facts that enhance a sentence by a preponderance of evidence so long as the ultimate sentence reflects the court's exercise of its discretion. Under Booker, "[t]he error is not that a judge (by a preponderance of the evidence) determined facts under the Guidelines which increased a sentence beyond that authorized by the jury verdict or an admission by the defendant; the error is only that the judge did so in a mandatory Guidelines system." United States v. Antonakopoulos, 399 F.3d 68, 75 (1st Cir. 2005). Manifestly, no Booker error occurred here.

To sustain a claim of ineffective assistance of counsel, Shoup must satisfy two tests by a preponderance of the evidence.

> First, [he] must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, [he] must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

Strickland v. Washington, 466 U.S. 668, 687 (1984). Courts will generally first examine the prejudice prong of the test. Gonzalez-Soberal v. United States, 244 F.3d 273, 277-278 (1st Cir. 2001). "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Strickland, 466 U.S. at 697. To establish prejudice, Shoup must show that "but for counsel's unprofessional error, there is a reasonable probability that the result of the

proceeding would have been different." Sleeper v. Spencer, 510 F.3d 32, 39 (1st Cir. 2007).

Here, the court made a factual determination that Shoup possessed a handgun with an obliterated serial number. The determination having been made, no objection or argument by Shoup's counsel would have altered the impact of the finding on the advisory sentencing range. Nor is there any plausible merit in Shoup's contention that counsel was ineffective for refusing to appeal the court's finding. A refusal to prosecute a hopeless appeal that has no factual or legal underpinning cannot by definition amount to ineffective assistance. Cf. Anders v. California, 386 U.S. 738, 742 (1967).

## CONCLUSION

For the foregoing reasons, Shoup's petition to vacate his sentence is DENIED. The Clerk may now close the case.

SO ORDERED

/s/ Richard G. Stearns

UNITED STATES DISTRICT JUDGE